■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PROILIO LOPEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered January 12, 1988, convicting him of robbery in the second degree (two counts), criminal possession of stolen prop-

erty in the third degree, reckless endangerment in the first degree, driving on sidewalks and failure to obey traffic control signals, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of robbery in the second degree under count one of the indictment to a conviction of robbery in the third degree, and vacating the sentence imposed thereon; as so modified the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing upon the conviction of robbery in the third degree.

On July 22, 1987, at about 6:30 P.M., the complainant was pushed to the ground and her handbag was snatched from her. While still on her hands and knees, she observed the perpetrator run to a parked car, throw her handbag inside, and enter the car. She testified that her arm and knees had been injured and that she had received medical treatment.

The incident was observed by two police officers who ordered the defendant, the driver of the car, to stop. Instead, the defendant sped away, the car mounted a curb, passed through two red lights, and collided with a van. The police then arrested the defendant but the coperpetrator escaped.

The defendant testified that he had recently obtained a learner's permit. On the day of the incident, the coperpetrator told him that he had borrowed the car so that he could teach the defendant how to drive. The defendant had stopped the car at the coperpetrator's request but did not see the purse snatching. When the coperpetrator ran back to the car with the handbag, he told the defendant to drive away because the car was stolen. The defendant did so because he was scared. He denied knowing that the coperpetrator was a thief and claimed that he had cooperated with the police in apprehending him.

We agree with the defendant's contention that there was insufficient evidence to support his conviction of robbery in the second degree under count one of the indictment. That count charged the defendant with robbery in the second degree under Penal Law § 160.10 (1), that is, aiding and abetting another person actually present. A review of the record shows that it does not contain sufficient evidence to establish that the defendant was a person "actually present" and in a position to render immediate assistance to the robber (see, People v Hedgeman, 70 NY2d 533; cf., People v Dennis, 146 AD2d 708). Therefore, the defendant should have been

convicted of robbery in the third degree under that count (see, Penal Law § 160.05).

However, the record does contain sufficient evidence to show that the complainant suffered "physical injury" within the meaning of Penal Law § 10.00 (9) so as to sustain the conviction for robbery in the second degree under count two of the indictment (see, Penal Law § 160.10 [2]).

We have considered the defendant's other contentions and find them to be without merit. Mangano, J. P., Lawrence, Kunzeman and Eiber, JJ., concur.